

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 20, 1947

Hon. George H. Sheppard
Comptroller of Public
 Accounts
Austin, Texas

Opinion No. V-95

Re: Under Sec. 2, Article
4344, R.C.S., may Comp-
troller change rule re-
garding assessment of
poll tax by County Tax
Collector?

Dear Sir:

You have requested the opinion of this depart-
ment as to whether or not under the provisions of Section
2, Article 4344, Revised Civil Statutes of Texas, the pre-
sent State Comptroller of Public Accounts may change the
long standing rule and regulation adopted by his depart-
ment, which required the County Tax Assessor to assess
all poll taxes at the time of the rendition of other prop-
erty by the taxpayers and to place such assessments on
the regular tax rolls at the time regular assessments are
made.

You have advised that due to the present method
of assessment and payment of taxes in large cities of this
State where property taxes are paid by loan companies for
the account of the taxpayer, which payment, however, does
not include all taxes owed by the taxpayer, the State has
been forced to pay a double fee to the County Tax Asses-
sors and encumber the record by showing the name on the
delinquent rolls.

The proposed rule and regulation will provide
that the County Tax Assessor shall assess all poll taxes
at the time of payment by the taxpayer.

Section 2, Article 4344, R. C. S., is as fol-
lows:

"Among other duties the Comptroller shall:

"2. Adopt such regulations not incon-
sistent with the constitution and laws as he
may deem essential to the speedy and proper
assessment and collection of the revenues of
the State."

Section 3, Article 7, of the Constitution of
Texas, is in part as follows:

"One-fourth of the revenue derived from
the State occupation taxes and poll tax of one
dollar on every inhabitant of the State, be-
tween the ages of twenty-one and sixty years,
shall be set apart annually for the benefit
of the public free schools."

Neither the Constitution nor the statutes of
Texas provide any specific method of assessing poll taxes,
save the reference in Article 7209, R. C. S. (supplement-
al roll) which provides in part as follows:

"Collectors of taxes of counties, cities
and towns, when any taxpayer applies to them
to ascertain the amount of his taxes, and the
collector finds that his name or his property
does not appear on the tax roll, shall assess
said taxpayer then and there, collect the taxes
and enter the same upon a supplemental tax roll
to be made by him . . . The tax collector shall
receive the following compensation for his ser-
vices on all assessments made by him under this
Act, to wit: . . . and for assessing the poll
tax, five cents for each poll; which fee shall
be paid in the same way as the tax assessor's
fee in Article 3937."

Therefore, the opinions of the higher courts
of Texas, which interpret Section 3 of Article 7, of
the Constitution, should be decisive of the question as
to whether the proposed rule and regulation to be adop-
ted by the Comptroller of Public Accounts would be in-
consistent with the Constitution and laws of Texas.

The Court of Criminal Appeals in Solon v.
State, 114 S. W. 349, 359, on rehearing, held in part
as follows:

" . . . Under this provision of section
3, art. 7, of the Constitution above quoted

there is, in express terms, levied in this
state a poll tax on every male inhabitant
thereof between the ages named therein; and
if this section of the Constitution is to
control, such poll tax is fixed without the
necessity of legislative action. The pro-
vision standing alone, is definite, fixed
and as certain as any legislative action
can make it . . . . . ." (Emphasis added)

In the case of Parker v. Busby, et al (Civ.
App.) 170 S. W. 1042, 1045, it was held as follows:

"The sixth assignment complains that the
judgment is contrary to the law and the evi-
dence in this:  The name of neither of the
plaintiffs appears on the tax rolls of Hardin
county for the year 1913, and, such being the
case, before defendant, as tax collector,
would be authorized to issue to them poll tax
receipts for said year, it was necessary for
each of them to render his bill and property
taxes to defendant in order that he might
place the same upon a supplemental tax roll,
which the uncontradicted evidence shews that
each of the plaintiffs failed to do." (Emphasis
added)

The Court then construed Article 7567, Revised
Statutes, now Article 7209, R. C. S. 1925, supra, and
further stated:

"It is manifest, we think, that the as-
sessment by the collector as provided in this
article has reference to the assessment of prop-
erty only, and not to the assessment of poll
taxes. The only reference to poll taxes is at
the conclusion of the article, where it is pre-
vided what compensation the collector shall re-
ceive for assessing taxes, stating in that connec-
tion that he shall be allowed five cents for each
poll tax assessed. But even if the assessment
of a poll tax is necessary in order to enforce-
ment of the collection of it, we do not think
that such an assessment is necessary in order
for a taxpayer to force the collector to ac-
cept the amount levied by law upon him as a
poll tax and to issue to him a receipt there-
for. The words 'poll tax' mean a tax upon the

person - a capitation tax - and in this state such tax is levied by law upon all male persons between 21 and 60 years of age, with certain exceptions not necessary to be here stated. Revised Statutes, Art. 7354. If it is necessary to assess poll taxes, then the law made it the duty of the collector in this instance to make the assessment when the collector ascertained that the names of the plaintiffs did not appear on the tax roll, and he cannot charge upon the poll taxpayer the consequences of his neglect or failure to do so." (Emphasis added)

From the foregoing authorities it is evident that there being no specific provision contained in either the Constitution or laws of this State which specifies the time for the assessment of poll taxes, the proposed rule and regulation requiring the County Tax Assessor to assess such taxes at the time of payment, not being inconsistent therewith, would be a valid rule and regulation.

## SUMMARY

The Comptroller of Public Accounts may adopt a rule and regulation under Section 2, Article 4344, R. C. S., providing that all poll taxes shall be assessed by the County Tax Assessor at the time of payment.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:mrj

APPROVED MAR. 20, 1947

ATTORNEY GENERAL